FILED
OR COURT

2014 FEB 19 PM 4: 40

IN THE SUPERIOR COURT OF GUAM

CLERK OF COURT

BY:

| | |
|---|---|
| GOVERNMENT OF GUAM | ) Case No. CV 1124-09 |
| Plaintiff, | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) |
| GERALDINE GUTIERREZ and EVELYN O'KEEFE, in their capacities as CO-ADMINISTRATRIXES OF THE ESTATE OF JOSE MARTINEZ TORRES, and THE ESTATE OF JOSE MARTINEZ TORRES, | ) |
| Defendants. | ) |

This matter came before the Honorable Arthur R. Barcinas on February 18, 2014 for hearing on Petitioner Antonio Artero Sablan's Petition to Intervene and Ex Parte Motion for Order Shortening Time for Hearing on Motion to Intervene. Attorney William C. Bischoff represents Petitioner, Assistant Attorney General David J. Highsmith represents the Government of Guam, and Attorney Joseph C. Razzano represents Defendants.

The Court issued a Decision and Order on September 30, 2013, and Judgment on January 17, 2014. On February 13, 2014, Petitioner filed his Ex Parte Motion pursuant to Rule 7.1.1 of the Local Rules of Civil Procedure and Petition to Intervene pursuant to Rule 24 of the Rules of Civil Procedure. Petitioner, whose counsel formerly represented the Government of Guam as an Assistant

Attorney General in this matter, seeks to intervene so as to timely file a Notice of Appeal. Later on February 13, 2014, Defendants timely filed a Notice of Appeal. On February 17, 2014, the Government also timely filed a Notice of Appeal. On February 18, 2014, the Court heard oral argument. Defendants and the Government oppose Petitioner's Motion because Petitioner has not satisfied the requirements for intervention and because Petitioner's counsel is precluded from representing a party in this matter. At oral argument, Petitioner conceded that he seeks only permissive intervention, and not intervention as of right.

Rule 24(b) of the Rules of Civil Procedure provides, in pertinent part:

> Upon timely application, anyone may be permitted to intervene in an action: (2) when an applicant's claim or defense and the main action have a question of law or fact in common. [. . .] In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"[A] decision to grant or deny permissive intervention is wholly discretionary with the Superior Court, even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." Cho v. Fujita Kanko Guam, Inc., 2009 Guam 21, ¶ 17 (quoting Limtiaco v. Camacho (Guam Music), 2009 Guam 7, ¶ 9 (citing New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir. 1984)) (internal quotations and brackets omitted). In considering Rule 24(b) of the Federal Rules of Civil Procedure—which is the source of the Guam's Rule 24—the Ninth Circuit has held that a court may grant permissive intervention where the applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 955 (9th Cir. 2009) (quoting Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)) (internal quotations omitted). In addition, a court may consider the nature and extent of the proposed intervenors'

2

interest, whether such interest is adequately represented by other parties, and whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Perry, 587 F.3d at 955 (quoting Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977)).

Here, Petitioner expressed considerable concern regarding the ability of the Attorney General to handle the case competently. Indeed, Petitioner's counsel emphasized that he is well-suited to intervene because he was the Assistant Attorney General assigned to this matter for a substantial period of time prior to his departure from the office in January of 2014. Petitioner, however, seeks to intervene to pursue the very appeal that the Attorney General now pursues, i.e., an appeal of the Court's ruling on declaratory relief. Petitioner failed to follow the procedure set forth by Rule 24(c) in moving to intervene, and Petitioner rests his motion on the unparticularized allegation that the Attorney General has mishandled and will continue to mishandle the case. Assuming Petitioner satisfied the other requirements for permissive intervention, the Court discerns nothing in the weeks since Petitioner's counsel's departure from his position as Assistant Attorney General to support his present contentions. In light of the briefs and oral arguments, the Court is not persuaded that the interests of the Government and Petitioner are distinguishable, nor is the Court convinced that this apparent dispute over litigation strategy or tactics is sufficient to warrant permissive intervention. See Perry, 587 F.3d at 955 (citing United States ex rel. Richards v. De Leon Guerrero, 4 F.3d 749, 756 (9th Cir. 1993) (denying permissive intervention in a subpoena enforcement proceeding seeking disclosure of Northern Mariana Island tax records where the government party to the case made the same arguments as the taxpayer intervenors, and the government party would adequately represent the intervenors' privacy interests)). The Court, in its discretion, need not grant permissive intervention where one party simply seeks to substitute itself for another.

In light of the foregoing, Petitioner's Petition to Intervene is DENIED. Having resolved the matter, the Court accordingly declines to reach the other issues presented.

**SO ORDERED** this 19th day of February, 2014.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy the
original hereto was placed in the
court box of:
AG-CIVIL, CUNLIFFE,
RAZZANO + BISCHOFF
Date: 2/19/14  Time: 445 pm

Deputy Clerk, Superior Court of Guam

4